# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-4027

_____

| | | |
|---|---|---|
| Jessica L. Anderson, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Dillard's, Inc., a Delaware | * | [UNPUBLISHED] |
| Corporation, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  September 14, 2001

Filed:  September 20, 2001

_____

Before MURPHY and FAGG, Circuit Judges, and LONGSTAFF,* District Judge.

_____

PER CURIAM.

Jessica L. Anderson sued Dillard's, Inc. under Title VII, claiming she had been sexually harassed by a female coworker and fired in retaliation when she did not provide medical excuses for absences due to her distress at her mistreatment. The jury returned a verdict for Anderson on each count, awarding her $75,000 for emotional

_____

*The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa, sitting by designation.

distress and $14,922 for back wages. The district court[**] denied Dillard's postjudgment motions for judgment as a matter of law (JAML), a new trial, and remittitur (reduction of the damage award). Dillard's appeals. Having reviewed the record, the briefs, and the arguments of the parties, we conclude the case was properly submitted to the jury and the district court did not abuse its discretion in upholding the verdict. See Denesha v. Farmers Ins. Exch., 161 F.3d 491, 497 (8th Cir. 1998) (reviewing JAML de novo and motion for a new trial for abuse of discretion); see also Thorne v. Welk Inv., Inc., 197 F.3d 1205, 1211 (8th Cir. 1999) (reviewing reduction in damage award for abuse of discretion).

The evidence on each count was sufficient to permit a jury reasonably to find in Anderson's favor thus Dillard's is not entitled to JAML. See Denesha, 161 F.3d at 497; see also Excel Corp. v. Bosley, 165 F.3d 635, 639 (8th Cir. 1999). Although Dillard's proposed jury instructions contained correct statements of law, Dillard's is not entitled to a new trial because the jury instructions Dillard's contested are not erroneous, and when viewed in their entirety the instructions fairly and adequately submitted the issues in the case to the jury. See Kramer v. Logan County Sch. Dist. No. R-1, 157 F.3d 620, 625 (8th Cir. 1998). Finally, we reject Dillard's claim for remittitur because the $75,000 award for emotional distress is supported by the evidence and is not excessive. See Foster v. Time Warner Entm't, Co., L.P., 250 F.3d 1189, 1197 (8th Cir. 2001).

Finding no reversible error, we affirm the district court. See 8th Cir. R. 47B.

---

[**]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.